**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **KARLA Y CERVANTES GURROLA AND ARMANDO DIAZ** | **CIVIL ACTION NO: 1:26-cv-2928** |
| **VERSUS** | **JUDGE:** |
| **GENERAL MOTORS, LLC** | **MAG. JUDGE:** |

---

**COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes the Plaintiffs, KARLA CERVANTES GURROLA AND ARMANDO DIAZ (hereinafter the Plaintiffs), persons of the age of majority who reside in Dallas County and are citizens of the State of Texas, who allege the following against **GENERAL MOTORS, LLC** (hereinafter "GM" and/or "DEFENDANT"):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Magnuson-Moss Warranty Act ("Warranty Act"), *Chapter 15 U.S.C.A § 2301*, *et. seq*., breach of express warranty and implied warranty of merchantability pursuant to the *Magnuson-Moss Warranty Act, and Tex. Bus. & Com. Code § 2.314*.

**JURISDICTION AND VENUE**

2. This Court has federal question jurisdiction over this matter pursuant to the *Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(1)(B)*, in that the Plaintiff claims more than $50,000.00 in damages, exclusive of interest and costs, and has jurisdiction over state causes of action under the doctrine of supplemental jurisdiction as set forth in *28 U.S.C. § 1367.*

3. This Court has personal jurisdiction over the Defendant who conducts business in

The State of Texas, including the Western District of Texas.

4. Venue is proper in this district under *28 U.S.C. §1391* because the Defendant resides in the Western District of Texas.

**PARTIES**

5. Plaintiffs are adults residing in Mesquite, Texas.

6. Defendant General Motors, LLC (hereinafter "GM" and/or Defendant) is a foreign limited liability company, with its principal place of business in Michigan that is qualified to do and regularly conducting business in the State of Texas, with its registered and principal place of business in the State of Texas located at 13201 McAllen Pass, Austin, Texas 78753.

7. Defendant is engaged in the manufacture, sale and distribution of motor vehicles and related equipment and services. Defendant is also in the business of marketing, supplying, and selling written warranties to the public at large through a system of authorized dealerships, including the dealership where the Plaintiff purchased the Vehicle and tendered the Vehicle for repairs.

**FACTUAL ALLEGATIONS**

8. On or about October 17, 2024, Plaintiff purchased a 2024 GMC Terrain SLT from Gateway GMC, 11438 Lyndon B Johnson Fwy, Dallas, Texas bearing the Vehicle Identification Number 3GKALVEG4RL205257 (hereinafter the "Vehicle"). Factors influencing the Plaintiffs' selection of the Vehicle included the make, model, performance, features, and options that were advertised and marketed by the Defendant, reliance that that Vehicle would be free from defects and a safe and reliable form of transportation, and that all vehicle components and/or systems would function as intended.

9. At all times relevant hereto, the subject vehicle was registered in the State of Texas.

10. The contract price of the vehicle, including registration charges, document fees, sales tax, finance and bank charges totaled more than $62,469.12.

11. In consideration for the purchase of said vehicle, Defendant issued to the Plaintiff several warranties, guarantees, affirmations or undertakings with respect to the material or workmanship of the vehicle and/or remedial action in the event the vehicle fails to meet the promised specifications or is defective in materials and/or workmanship.

12. The above-referenced warranties, guarantees, affirmations or undertakings are/were part of the basis of the bargain between Defendant and Plaintiff.

13. The Plaintiff's agreement to purchase the Vehicle included an express written warranty as well as other guarantees, affirmations and undertakings as stated in Defendant's warranty booklet and the owner's manual.

14. The Vehicle is afflicted with certain manufacturing defects, including the powertrain system and its components, the ignition system and its components, the fuel system and its components that render it useless and/or so inconvenient that a reasonable person would not have purchased the Vehicle had they known of the defects at the time of sale. Or, in the alternative, would have purchased the Vehicle at a reduced price.

15. As a result of these manufacturing defects and non-conformities, the Plaintiff tendered the Vehicle to a repair facility that was authorized by the Defendant to perform repairs in accordance with the Defendant's express written warranty. The repair facility, Gateway GMC located in Dallas, Texas attempted to repair these manufacturing defects and non-conformities on at least 4 occasions commencing on July 15, 2026 through August 5, 2026.

16. Upon information and belief therein, the redhibitory defects identified herein, existed at the time the Vehicle left the Defendant's control and are defects with materials and/or

workmanship and present reliability and safety concerns for the Plaintiff with regards to the Vehicle.

17. Upon information and belief, the vehicle remains in a defective, unrepaired and/or unreliable state and is substantially impaired.

**<u>CAUSE OF ACTION I</u>**
**Breach of Express Warranty**

18. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein.

19. Plaintiff is a "consumer" as defined in *15 U.S.C. § 2301(3)*.

20. Defendant is a "supplier" and "warrantor" as defined in *15 U.S.C. § 2301(4)-(5)*.

21. The subject vehicle is a "consumer product" as defined in *15 U.S.C. § 2301 (6)*.

22. The express warranties pertaining to the Vehicle are a "written warranty" as defined in the Warranty Act, 15 U.S.C. § 2301(6).

23. The actions of the Defendant in failing to tender the Vehicle to Plaintiff free of defects and failing to repair or replace the defective Vehicle constitutes a breach of the written and implied warranties and hence a violation of the Magnuson-Moss Warranty Act.

24. Plaintiff has performed all things agreed to and required of him/her under the sales contract and warranty terms, except as may have been excused or prevented by the conduct of Defendant as herein alleged.

25. The Defendant's advertisements and statements in promotional and marketing materials contained broad claims amounting to a warranty that Plaintiff's Vehicle or those similarly situated were free from inherent risk of failure or latent defects. The Plaintiff relied upon the truthfulness of these statements when purchasing the Vehicle. In addition, the Defendant issued

an expressed written warranty which covered the Vehicle and warranted that the Vehicle was free of defects in materials and workmanship at the time of delivery.

26. The Defendant warrantied that it would repair or replace covered vehicle components in a timely manner. The Defendants failed to repair or replace covered vehicle components in a timely manner.

27. As alleged above, the Defendant breached its' warranties by offering for sale, and selling as safe to the Plaintiff; a Vehicle that was latently defective, unsafe, and likely to cause economic loss and inconvenience to Plaintiff.

28. As a result of the Defendant's breach in this matter, the Plaintiff is entitled to all remedies allowed by law, to include but not limited to, a return of purchase price, or in the alternative, a reduction of price, actual and incidental damages and attorney fees.

## CAUSE OF ACTION II

### Breach of Implied Warranty of Merchantability Pursuant to the Magnuson-Moss Warranty Act, *15 U.S.C. § 2301, et seq. and Tex. Bus. & Com. Code § 2.314*

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. Plaintiff is a "consumer" as defined in *15 U.S.C. § 2301(3)*.

31. Defendant is a "supplier" and "warrantor" as defined in *15 U.S.C. § 2301(4)-(5)*.

32. The subject vehicle is a "consumer product" as defined in *15 U.S.C. § 2301 (6)*.

33. The Vehicle was subject to implied warranties of merchantability, as defined in *15 U.S.C. § 2308 and Texas Bus. & C. § 2.314*, running from the Defendant to the Plaintiff.

34. An implied warranty that the Vehicle was merchantable arose by operation of law as part of the purchase of the Vehicle.

35. Defendant breached the implied warranty of merchantability in that the subject vehicle was not in merchantable condition when the Plaintiff purchased it, or at any time thereafter, and the subject vehicle is unfit for the ordinary purposes for which such vehicles are used.

36. Indeed, the Vehicle suffered from multiple defects that prevented the Plaintiff from being able to properly use the Vehicle.

37. The persistent defects identified herein are unreasonably dangerous because it can cause the Vehicle to severely malfunction while the Vehicle is in operation at any time, thereby exposing the Vehicle's driver, passengers, and others who share the road with them to serious risk of accidents and injury or death.

38. Plaintiff notified the Defendant of the defects in the Vehicle within a reasonable time after the Plaintiff discovered them.

## DAMAGES

39. As a result of Defendant's breach of the implied warranty of merchantability, the Plaintiff seeks all damages, including attorney fees and costs, allowed by law pursuant to *15 U.S.C. § 2310(d)(1)(2), Tex. Bus. & Com. Code Ann. § 2.608 (Revocation )Tex. Bus. & Com. Code Ann. § 2.714 (Reduction)* and incidental and consequential damages pursuant to *Tex. Bus. & Com. Code Ann. § 2.715.*

## PRAYER FOR RELIEF

**Wherefore,** KARLA CERVANTES GURROLA AND ARMANDO DIAZ, respectfully pray for judgment as follows:

a. An order approving revocation of acceptance of the subject vehicle to include the "full purchase price" of the vehicle, collateral charges, finance charges, incidental and consequential damages under all Counts above;

b. Reasonable attorney's fees and costs;

c. As an alternative, if the merits justify same, an award for the difference between the value of the goods as warrantied and the value of the goods as accepted:

d. Incidental and consequential damages allowed by law; and

e. Any other relief this Honorable Court deems appropriate.

**RESPECTFULLY SUBMITTED:**

**DUCK LAW FIRM, L.L.C.**

/s/ Kevin R. Duck
**KEVIN R. DUCK (LA23043)**
5040 Ambassador Caffery Parkway
Suite 200
Lafayette, Louisiana 70508
Telephone: (337) 406-1144
Facsimile: (337) 406-1050

**Attorney for Plaintiffs,**
KARLA CERVANTES GURROLA AND
ARMANDO DIAZ